BURNS *v.* BURNS.

(Division A. Nov. 19, 1923.)

[97 So. 814.   No. 23655.]

1. DIVORCE.  *Constructive service by publication insufficient to support decree, unless precedent proceedings in strict conformity to statute.*

   Constructive service of process under section 3923, Code 1906 (Hemingway's Code, section 2930), by publication, is insufficient to support a decree unless the precedent proceedings strictly conform to the requirements of said statute.

2. DIVORCE.  *Service by publication held insufficient to confer jurisdiction.*

   It was averred in complainant's sworn bill that defendant was a resident citizen of the county in whose chancery court the bill

was filed, but was temporarily sojourning in Memphis, Tenn.; the bill being silent as to what was the post office address of the defendant. *Held,* under section 3923, Code 1906 (Hemingway's Code, section 2930), the court failed to get jurisdiction of the defendant, and the decree rendered in said cause without the defendant voluntarily submitting himself to the jurisdiction of the court, is void.

3. PROCESS. *Actual notice of pendency of cause and time and place of trial cannot make a defendant a party.*

The fact that. a defendant has actual notice of the pendency of a cause against him, the court in which it is pending, and the term at which it is due to be tried, not sufficient to make him a party to such cause, for the court cannot acquire jurisdiction of a defendant except he either voluntarily appear or is brought in by process or publication as provided by statute.

APPEAL from chancery court of Prentiss county.

HON. A. J. MCINTYRE, Chancellor.

Bill by Mrs. Alma Burns against J. Sut Burns. Decree for plaintiff, and defendant appeals. Reversed and remanded.

*Ely B. Mitchell,* for appellant.

The original bill in setting out the residence of the defendant stated that he was a resident citizen of Prentiss county, but is at present temporarily domiciled at Clarksdale, Coahoma county, Mississippi. If the defendant, J. Sut Burns was domiciled at Clarksdale, Coahoma county, Mississippi, it was necessary for personal service to be had upon him in order for the court to render a valid decree.

The return of the sheriff of Coahoma county, stated that after diligent search and inquiry the within named J. Sut Burns cannot be found in my county. This record shows that no personal service was had upon the appellant.

"In order to have a valid judgment there must be either a valid service of process upon the defendant or an appearance or waiver of process." *Boutwell et al.* v. *Grayson,* 118 Miss. 80.

The original bill does not state that the appellant was a non-resident of the state. It does not state his post office address, neither does it state that the defendant cannot be found within the state upon diligent search and inquiry.

"The law authorizing divorces for certain causes, requires a strict compliance with its provisions." *Humber* v. *Humber,* 109 Miss. 216.

"It is of the highest importance that parties interested received summons or notices and where publication is substituted for summons, the proceedings required by statute must be strictly followed." *Ponder* v. *Martin,* 119 Miss. 156.

"Under section 2927, Hemingway's Code, providing for service or summons by publication, where such service was sought and the bill and affidavit for such publication gave the residence of defendants, but failed to state that such place was also their post office address, or that their post office address was unknown, such service was insufficient." *Ponder* v. *Martin,* 119 Miss. 156; *Moore* v. *Summerville,* 80 Miss. 323; *Biggs* v. *Ingersoll,* 28 So. 825.

The next question that would naturally present itself to the court's mind is that inasmuch as the appellant wrote a letter to the attorney of appellee in which he shows that he has notice of the case pending in the chancery court of Prentiss county against him he has sufficient notice to bring him into court, so that the decree rendered is a valid decree. In answer to that question I wish to cite the following authority: "The mere fact that the defendant has actual notice of the institution of the proceedings against him is not sufficient to give the court jurisdiction." 9 R. C. L., page 410; *Strode* v. *Strode,* 96 Am. St. Rep. 249.

*E. C. Sharp,* for appellee.

The chief contention of counsel for appellant is that appellant had no notice of the pendency of the suit and cites the case of *Ponder* v. *Martin,* 119 Miss. 156, and *Humber*

v. *Humber,* 109 Miss. 216, as supporting this contention. A careful reading of these cases will readily disclose the fact that they are not parallel cases.

In the case at bar the notice as published is directed "To J. Sut Burns, Post Office address, Memphis, Tenn." Record page 6. While the bill recites—"that he is sojourning at Memphis, Tenn.," a place well known to be a post office address.

It being further shown by the testimony that a copy of this notice and a copy of the original bill was mailed to the appellant and received by him. That he had full knowledge of the suit and the contents of the bill is shown by the letter which appellant wrote to attorney for appellee, in which letter he stated that he does not intend for the case to come up at the present term of the court, and intimates that serious consequences will be the result if it does come up.

In the case of *Moore* v. *Summerville, supra,* it was alleged in the bill that she was a non-resident of Mississippi, and a resident citizen of Chicago, Ill. It later developed that Mrs. Summerville was a resident citizen of the state of Nebraska, and never had any notice whatever of the pendency of the suit. In the present case it is not contended that appellant did not have notice.

It is true that in the present case it is not charged, as it might have been, that he was sojourning in Memphis, Tenn., and that his post office address was Memphis, Tenn. However, had that been done, the publication would have read exactly as it did read, viz: "To J. Sut Burns, Jr., Post Office address, Memphis, Tenn." Where has the appellant been deprived of any right?

The purpose of the rule requiring the publication of notice and the mailing of a copy of the publication is that he may have notice of the pendency of the suit in order that he may defend it if he so desires.

The appellant had not only a copy of the notice but a copy of the original bill, and after examining same made

a proposal not to contest the case if it was continued until the next term of the court. What right has he now to complain? It was not his intention to contest it if continued for six months. More than that length of time has elapsed and if the case was reversed we are warranted in assuming that he would not contest it. In fact never intended to contest it in spite of his assertions and threats to the contrary in his letter. We submit that he had due, proper and legal notice and has been deprived of no rights, and in fact has had the same opportunity to contest same as if personal service had been had on him.

ANDERSON, J., delivered the opinion of the court.

Appellee, Mrs. Alma Burns, filed her bill in the chancery court of Prentiss county against appellant, her husband, J. Sut Burns, for divorce on the ground of habitual cruel and inhuman treatment. There was a decree rendered by the trial court granting the divorce, from which appellant prosecutes this appeal.

Appellant neither appeared in person nor by counsel in the court below. His first appearance in the cause was after the final decree was rendered for the purpose of prosecuting this appeal. As a ground for reversal the appellant contends that the decree is void because he was never made a party defendant and brought into the trial court in the manner provided by law. The facts necessary to understand the question were as follows:

The bill in the cause was filed on the 21st of August, 1922. It was alleged therein that appellant was a resident citizen of Prentiss county in this state but temporarily domiciled at Clarksdale in Coahoma county in this state. Summons was issued for appellant on the 22d of August, 1922, to Coahoma county. The return of the sheriff of that county showed that after diligent search and inquiry he had been unable to find appellant in said county. This return was filed with the clerk of the chancery court of Prentiss county on August 31, 1922. Thereafter the original bill was amended by adding, after the

allegation that appellant was a resident citizen of Prentiss county, the following: "Now sojourning out of the state in Memphis, Tennessee, so that process cannot be had on him." And the prayer of the bill was amended by inserting at the appropriate place the following: "And if process cannot be served that publication be made for said defendant." Process failing to reach appellant either in Coahoma or Prentiss counties, publication based on the bill so amended was made for him as a non-resident under the pretended authority of sections 3920 and 3921, Code of 1906 (Hemingway's Code, sections 2927 and 2928).

At the return term the appellant did not appear in the cause either in person or by attorney; appellee proceeding on said affidavit and publication of notice as sufficient to bring appellant into court, had the cause tried and obtained the decree appealed from. On the trial it was shown that said statute, so far as the publication of the notice for appellant is concerned, was complied with, and in addition it was shown beyond question that appellant had actual notice of the pendency of said cause, and of the term of court at which it was triable. Said statute is specific. There is no ambiguity as to how a non-resident shall be brought into court. In substance it simply provides that, in order to bring in a non-resident defendant, the complainant as the first step must either in his sworn bill or in a separate affidavit make oath that defendant is a non-resident of this state, or not to be found therein on diligent inquiry, and the post office address of such defendant if known, and if not known, so stating. This statute is jurisdictional. It is one of the methods provided by law to meet the requirements of the due process clause of the Constitution. The sworn bill upon which the publication of notice in this case was based stated that appellant was a resident citizen of Prentiss county, Miss., not of Memphis, Tenn.; that he was temporarily sojourning in the latter city, but failed to state his post office address. Under numerous decisions of this court a strict compliance with this statute was fundamentally necessary. Stat-

ing that a defendant is temporarily sojourning in another state is very far from stating that he is a resident of that state; and, furthermore, stating that a defendant is temporarily sojourning in a certain city in another state is not equivalent to a allegation that that city is his post office address, although that might be a reasonable inference. A positive unequivocal statement of his non-residence and post office address is necessary. *Ponder* v. *Martin,* 119 Miss. 156, 80 So. 388, 78 So. 929; *Moore* v. *Summerville,* 80 Miss. 323, 31 So. 793, 32 So. 294; *Diggs* v. *Ingersoll* (Miss.), 28 So. 825.

The fact that appellant had actual notice of the pendency of the cause and whether it was due to be tried did not make him a party. That fact did not help the jurisdiction of the court, 9 R. C. L., sections 209, 210, pp. 409, 411, inclusive.

If a defendant does not voluntarily appear to a cause against him he cannot be gotten into court except in the manner laid down by law. He is under no obligation to notice what is going on in a cause in court against him, unless the court has gotten jurisdiction of him in some manner recognized by law.

We therefore hold that the decree in this cause is void.

Appellee has a motion in this court for an order allowing her a reasonable amount for attorney's fee, incurred by her both in the court below and in this court in defending this cause, and in support of that motion she has filed affidavits. This court has nothing to do with the allowance of temporary alimony for services of appellee' counsel in the court below, but only with such allowances in this court. We are of opinion, under the proof adduced on the subject, that the sum of seventy-five dollars would be a reasonable solicitor's fee for the services of appellee's counsel in this court. Said allowance of seventy-five dollars is therefore ordered, and the cause is reversed and remanded.

*Reversed and remanded.*