McCoy *et al.* v. Watson.

(In Banc. May 6, 1929.)

[122 So. 368. No. 27092.]

For former opinion, see 121 So. 116.

*Baskin, Wilbourn & Miller,* of Meridian, for appellee.

GRIFFITH, J., delivered the opinion of the court.

When this case was before us on its original consideration, it was the theory and contention of appellee that the appearance, so called, of the nonresident defendant, although for the sole purpose of removal to the federal court, constituted such an appearance that when the case was remanded to the state court

the said nonresident defendant was thereupon in the state court for all purposes; that is, that it was there personally; that its petition for removal constituted a general appearance. This was the definite theory of appellee in the trial court, and was the theory adopted by that court as evidenced by the entire record and general course of the proceedings therein and by the fact that a general personal decree was rendered against the nonresident defendant.

Addressing ourselves solely to that theory and contention, we held that there had been no general appearance and that no jurisdiction had been acquired of the said nonresident defendant. Appellee now urges the point in her suggestion of error that although the petition for removal was not sufficient to bring the nonresident personally within the jurisdiction of the state court, yet it was sufficient, without the necessity of any process on the said nonresident, so far as concerns the *res* or the property of the said defendant attached in said suit.

It is expressly provided by our statute relative to attachments in chancery that: "The nonresident debtor shall be made a party to such suit by publication of summons as in other cases." Section 540, Code 1906 (section 311, Hem. 1927 Code). Whatever may be said with respect to the jurisdiction, so called, of the court over the property or the effects attached in such cases, it must be at once admitted that, under modern conceptions of due process in the light of modern decisions upon that subject, the state court cannot take a single step beyond seizing and preserving the attached property unless and until there has been either (1) a valid process served by publication or otherwise on the nonresident debtor, or else (2) a voluntary entry of appearance. There has been no valid process in this case either by publication or otherwise. And thus the question is, has there been any such voluntary appearance in the state court as will enable it to proceed; and since the only act that can be

contended for as such is the petition for removal, the definite question is whether such a petition constitutes any voluntary appearance in the state court.

There seems to be no difference of opinion anywhere as to the general definition of what it is that constitutes a voluntary appearance; and such an appearance is generally defined as the overt act by which, or as a result of which, a person against whom a suit has been commenced submits himself to the jurisdiction of the court in the particular suit. The question before us then is: Does a defendant who has not been served with process submit himself to the jurisdiction of the state court by filing therein a petition for removal to the Federal court? We have already held, and so are practically all the decisions everywhere, that such an appearance is not a general or personal appearance. The question therefore narrows down to this: Is it a special appearance in the state court in so far as concerns the jurisdiction of the state court to proceed *in rem* against the defendant thus specially appearing?

It has long been settled in our state both by statute (section 3946, Code 1906; section 3157, Hem. 1927 Code) and by the general policy of our practice—so long settled that no living lawyer in our state knows of anything else so far as our state practice is concerned—that there is no such a thing as a special appearance in our courts. It is our settled, and long settled, practice that when a party comes in he must come in entirely or else he must entirely stay away. It has been said of our practice that a party cannot in our courts occupy any such "an uncertain and hybrid *status* as partly appearing and partly not appearing." No lasting exceptions have ever been ingrafted by us upon that rule and it has proved, by this strict adherence to it, of inestimable value by the elimination of technical distinctions and incumbering embarrassments which have beset the procedure in states which

still recognize the other rules. But now we are asked to make an exception, and to say that a petition for removal will work an exception, and will furnish an occasion for admitting at least one case of a special appearance. Instead of making the exception, why would it not be sounder and more logical to say that we will keep the rule intact and will therefore hold that as the party has appeared for one purpose we will keep him in for all purposes? In other words, hold him to a general appearance. That was exactly what was contended for in *Cain* v. *Commercial Pub. Co.*, 232 U. S. 124, 34 S. Ct. 284, 58 L. Ed. 534, and with as much reason as here, but it was rejected; and we have ourselves rejected the contention and adhere to that action.

The whole difficulty has been brought about by the loose use of the term ''special appearance'' in connection with petitions for removal, whereas the actual legal fact is that a party ''appearing'' in a state court for the purpose and the sole purpose of presenting a petition for removal has not appeared at all in the legal sense in the state court. In so appearing he does not in any way submit himself to the jurisdiction of the state court. The logic of such a step is expressed by Justice COOLEY, when years ago he was on the supreme court bench of Michigan, in *Schwab* v. *Mabley*, 47 Mich. at page 516, 11 N. W. 295. He says: ''In this case the defendants who had not been served with process came into court for a single purpose only; and that was, not to give the superior court general jurisdiction of their persons, but to object to its jurisdiction, and have the whole case removed to another court. . . . The petition . . . could have but the one purpose—to avoid the jurisdiction of the superior court; and that the attempt to do this cannot be held to be a voluntary submission to the jurisdiction of that court, is too obvious to require demonstration beyond what the naked statement affords.'' It is true

that the case was dealing with a general appearance, and so was the *Cain case, supra;* but the underlying logic of the holding is that the sole purpose, the single purpose, and the only effect of a petition to remove, is to object to the jurisdiction of the state court, and to avoid that jurisdiction as to the whole case. How then can a proceeding which declines the jurisdiction, and thereby wholly avoids it, be said to partly confer it? Just here we point to the same logic in the opinion in *Wabash W. Ry.* v. *Brow,* 164 U. S. 271, 17 S. Ct. 128, 41 L. Ed. page 434: "By the exercise of the right of removal, the petitioner refuses to permit the state court to deal with the case in any way." And this latter case, when taken in connection with *Goldey* v. *Morning News,* 156 U. S. 518, 15 S. Ct. 559, 39 L. Ed. 517, quotes and applies the language of that case as follows: "The petition for removal" cannot "be treated as submitting the defendant to the jurisdiction of the state court for any other purpose." Beyond the sole and limited purposes of removal, the petition for removal and the effect of that petition goes not a hair's breadth further. The sole effect of the petition is to remove the case and to confer jurisdiction on the Federal court, the jurisdiction to proceed in the Federal court against the petitioner personally if at the time of filing the petition the state court had jurisdiction of the person, or to proceed only against the property seized if the state court had obtained no personal jurisdiction; and the appearance of the defendant by his petition so far as appearance is concerned is in the eyes of the law a Federal appearance and not a state appearance. This is what, in actual effect, was held in *Clark* v. *Wells,* 203 U. S. 164, 27 S. Ct. 43, 51 L. Ed. 138, relied on by appellee, and is all that was held in that case. The term "special appearance" so often used in the cases has no actual reference to a state court appearance. The term refers essentially to the effect as a Federal special appearance.

Says the court in the *Brow case, supra*: "The right of the defendant to a removal is a statutory one, and he is obliged to pursue the course pointed out, and when he confines himself to . . . that right in the manner prescribed, he ought not to be held thereby to have . . . waived any other right he possesses." And continuing the court says further: "The conclusion is impossible that the party submits" himself "to the jurisdiction of the state court by availing himself of a right to which he is entitled under the act of Congress, and which the state court is by that act required to recognize." It would have been entirely competent for the acts of Congress to have provided that the petition for removal should in the first instance be filed in the Federal court and for the service of a *præcipe*, without any petition at all in the state court; and to give the present method of removal any further effect than if the petition were filed solely in the Federal court would be to sanction results which would be inconsistent with the full and unfettered Federal right which it is the spirit and purpose of even the present Federal statutes and decisions on the subject to secure. *Wabash W. Ry.* v. *Brow, supra; Goldey* v. *Morning News, supra; Cain* v. *Commercial Pub. Co., supra*. These cases clearly declare that the states can neither limit, nor abridge nor qualify the right; and it would be an abridgment, a limitation, and a qualification to say that a petition for removal cannot be filed without thereby entering an appearance in the state court, be that appearance only a special one so long as it adds one whit to what the state court already had. Moreover, it is distinctly said in the Goldey case that it makes no difference whether the attempt to remove is successful or unsuccessful. The court says: "This was strictly a special appearance for this purpose only, and, whether the attempt to remove should be successful or unsuccessful, could not be treated as submitting the defendant to the jurisdiction of the state court

for any other purpose." By the simple quotation of the above expression and the underscoring of the last four words *for any other purpose* we might have disposed of this whole matter, without writing at length, as we have —and which we have done owing to the importance of the question.

It is not now contended by appellee, as we understand it, that when the case was remanded to the state court this operated to take the nonresident defendant into the state court along with the remand. On the contrary, we understand it to be the contention of appellee that the effect of the remand was an adjudication by the Federal court that it had no jurisdiction and had never had any; that all steps taken in the Federal court were *coram non judice,* and were therefore as that much blank paper; so that when the case was remanded it was as if the case had never left the state court at all. But it is the contention of appellee that since the case had in effect never left the state court, the result is that when the appellee had finished her ineffectual endeavours in the Federal court, and returned to the case in the state court, she found the nonresident defendant there and still there by force of its having there appeared, as it is termed, because of its petition therein to remove. We have already dealt with the latter feature, and do not deem it necessary to add anything further. We have referred to the Federal proceedings only to deal with the subject in all its presented aspects.

Finally, it is argued that since the filing of the petition to remove shows conclusively that the nonresident defendant knows all about the suit, and has all the actual knowledge that could be conferred by a legal summons, we should not require the ceremony of a legal notification; that it would be an idle thing to do. Upon the same reasoning it could be maintained that the affidavit of the sheriff and witnesses could be received to show that, although the sheriff had not served the defendant with

a formal legal summons, he had told the defendant orally in the presence of these witnesses all about the suit and warned him to appear and when to appear, and that the defendant had gone to the courthouse and read all the papers in the case and had obtained certified copies of the case papers and knew everything about the case that he could have learned from a legal summons. It is now so thoroughly well settled as to make it too late to urge that knowledge by a defendant of a suit, however definite and full, or however obtained, or whatever may have been the defendant's action under that knowledge, is of any avail or advances the case a step, unless there has been a legal summons or a legal appearance. *McPike* v. *Wells*, 54 Miss. 136; *Jacks* v. *Bridewell*, 51 Miss. 881; *Burns* v. *Burns*, 133 Miss. 485, 97 So. 814.

*Overruled.*

ETHRIDGE, J. (specially concurring).

I think the suggestion of error should be overruled; but I think that some of the views announced in the former opinion should be withdrawn.

In my opinion, it would be well for the state courts to follow the Federal practice in treating an appearance for making a motion to remove the cause to the Federal court as an appearance for the purpose of a proceeding *in rem*, and not for the purpose of a general judgment.

It seems to me highly desirable that the state and Federal practice on this point should be uniform. The purpose of publication of an attachment, and other proceedings *in rem*, is to advise a nonresident of the pendency of the proceeding which may affect his rights, and that he may appear and defend the action if he so desires. The irregular and illegal service had the effect of bringing the Al Parker Security Company into court; and it appeared and moved to transfer to the Federal court.

At first the Federal court entertained jurisdiction, and was proceeding, in accordance with Federal practice, to deal with the proceeding *in rem* and to dispose of the *res*; but it finally decided that it did not have jurisdiction, and remanded it to the state court. Consequently, all steps taken in the Federal court were vacated and made void by the order to remand.

I think that at the common law a party could appear either specially or generally, and the statute making a motion to quash a general appearance has the effect of changing the common law only to the extent therein specified. In 2 Ency. Pl. & Pr. p. 620, under the head of "Special Appearance," it is said:

"A special appearance is one made for the purpose of urging jurisdictional objections.

"But an objection to jurisdiction over the person, to be availing, must not be raised in connection with denial of jurisdiction over the subject-matter. An appearance to deny the jurisdiction of the court over the subject-matter is, according to the weight of authority, a general appearance.

"It is a familiar rule, that a general appearance waives any defect in the process and confers jurisdiction of the person. To avoid the effect of this rule it is the common practice, when it is desired to take advantage of any defects in process and to deny jurisdiction over the person, to appear specially for that purpose only. A special appearance is only proper when a party seeks to deny the jurisdiction of the court over his person."

It seems to me that the effect of the rule adopted in the court's opinion on the suggestion of error is to add expense, and delay the proceedings. Unquestionably, process may now be had according to the statute, and the defendant brought into court, and the same effect would be had, without the delay and expense incident to this proceeding, by following the Federal rule.