HYDE CONSTRUCTION COMPANY, et al. *v.* ELTON MURPHY-WALTER TRAVIS, INC.

No. 39996 April 9, 1956 86 So. 2d 455

*Wm. Harold Cox, Jackson,* for appellant.

618

*Ethridge & Minniece,* Meridian, for appellee.

HOLMES, J.

The appellee, a Louisiana Corporation, filed this suit as an attachment in chancery against Cecil M. Braud, a non-resident of the State of Mississippi and a resident of the State of Louisiana, and against Hyde Construction Company, Inc., a corporation organized under the laws of the State of Mississippi. The bill of complaint alleged that on December 11, 1953, the appellee obtained a judgment against the said Cecil M. Braud in the District Court of the 23rd Judicial District, Parish of Ascension, State of Louisiana, in the amount of $15,000, with six percent interest per annum from July 1, 1953 until paid, and ten percent of the principal and interest as attorneys' fees. There was exhibited to the bill what purported to be a copy of the judgment. It was alleged in the bill that Braud had failed and neglected to pay the judgment and that there was due thereon the sum of $17,226.00. It was further alleged that the said Braud had been doing work for the Hyde Construction Company, Inc. under a sub-contract, and that the said Hyde Construction Company, Inc. was indebted to Braud and

had effects of the said Braud in its possession. The bill prayed that the appellee, complainant below, have a decree against the said Hyde Construction Company, Inc. out of the funds and effects due the said Cecil M. Braud to the extent of $17,226.00, "if so much be due him by said resident defendant," and a decree against Braud in the sum of $17,226.00.

Summons was personally served on Braud. Appellee contends that service of process was obtained on Hyde Construction Company, Inc. by the delivery of a summons to Rex Carter, as clerk of the said Hyde Construction Company, Inc. The validity of such service is claimed under Section 1866 of the Mississippi Code of 1942 authorizing service of process in suits against corporations on the "president or other head of the corporation, upon the cashier, secretary, treasurer, clerk, or agent of the corporation, or upon anyone of the directors of such corporation." The parties failed to answer and a decree pro confesso and final decree were entered against them. The final decree recited that service of process had been obtained on the corporation by delivering the copy of the summons, together with a copy of the original bill, to R. W. Hyde, Jr., president of the corporation. Such was in accordance with the original return made on the summons by the officer. Later, on motion of the appellee, the officer was permitted to amend his return so as to show that the process was personally executed on the Hyde Construction Company, Inc., by delivering a true copy of the process to "Rex Carter for said corporation." The final decree, on motion of the appellee, was then amended to show that the process was served on Rex Carter, clerk of the corporation. Following the rendition of the final decree, a writ of garnishment was issued against the Deposit Guaranty Bank and Trust Company, whose answer showed that it had on deposit to the credit of the corporation funds in excess of the amount of the decree, namely, $17,226.00,

and the said Deposit Guaranty Bank and Trust Company, upon the basis of its answer, was ordered to pay over to the appellee the sum of $17,226.00 in satisfaction of the decree rendered.

The Hyde Construction Company, Inc., filed a motion to set aside the decree pro confesso and final decree upon the ground, among others, that Rex Carter was not an employee of the corporation, and was not the clerk of the corporation, and that the process was not served upon Carter as clerk of the corporation, but was delivered to him by the officer for delivery to R. W. Hyde, Jr., and that process had therefore not been lawfully obtained on the corporation, and that the decrees were void. Testimony was taken on this motion and only two witnesses testified, namely, Rex Carter and R. W. Hyde, Jr. Rex Carter testified that he had never worked for the corporation but was employed by R. W. Hyde, Jr., doing business as Hyde Construction Company; that he was a clerical worker for R. W. Hyde, Jr.; that Hyde Construction Company, Inc., at the time of the events of this suit, was doing work in Kansas; that it had no work or contracts in Mississippi at that time; that Hyde Construction Company had a contract for construction work at DeKalb, Mississippi, and had sublet a part of the work to Braud; that Hyde Construction Company was not indebted to Braud but that Braud, on the contrary, was indebted to such company; that at the instance of R. W. Hyde, Jr., who was the president of Hyde Construction Company, Inc., and who with his wife constituted the only stockholders, he had made a few entries in some records of the Hyde Construction Company, Inc., which were of a minor nature and were made at the instance of auditors for the Hyde Construction Company, Inc. He further testified that R. W. Hyde, Jr. had taken out insurance on his life for $100,000 and that the beneficiary named in the policy was Hyde Construction Company, Inc. He testified further that

the premium on this policy was paid and charged to the account of R. W. Hyde, Jr., and that the application for the policy showed that he, Carter, was an employee of the Hyde Construction Company. Carter further testified that the officer came to the office of Hyde Construction Company some four or five times in an effort to locate Mr. Hyde for the purpose of serving the process on him, and that on the officer's final visit, not finding Mr. Hyde, he gave the process to Carter to be delivered to Mr. Hyde.

R. W. Hyde, Jr. corroborated the testimony of Carter that the said Carter was not an employee of the corporation and had never been and was not on the payroll of the corporation; that the Hyde Construction Company, Inc., had never been indebted to Braud, and was not at this time indebted to him; that the process had not been served on him personally, but that it was put on his desk by Carter, who told him that it was there. Hyde also corroborated Carter in his testimony with respect to the insurance policy.

█ █ We need not determine on this appeal whether the evidence is sufficient to support the chancellor's finding that Carter was a clerk of the corporation. Assuming that he was, the undisputed evidence is that the officer did not serve the process on him as clerk of the corporation but merely delivered the process to him for delivery to Mr. Hyde. The proof without dispute shows that the officer neither intended nor attempted to serve the process on Carter as the clerk of the corporation or otherwise; that he had called at the office of the Hyde Construction Company some four or five times in a vain effort to locate Mr. Hyde for the purpose of serving the process on him; that on his final visit he left the process with Carter for delivery to Hyde. That the officer intended this as service on Hyde is manifest from his original return on the summons that he had served the process on R. W. Hyde, Jr., president of the corporation.

The delivery of the process to Carter for delivery to Hyde was not personal service on the corporation. The statute is specific as to process and this was not in accordance with the statute. The fact that the process was delivered to the president later the same afternoon did not make the service personal. Hyde's knowledge was without avail. Without service in the manner provided by law, it is ineffectual. Burns v. Burns, 133 Miss. 485, 97 So. 814; McCoy v. Watson, 154 Miss. 307, 122 So. 368.

 It is accordingly our conclusion that service of process was not lawfully obtained on the corporation and that the decree pro confesso and the final decree should not have been entered and that the same are void and should be set aside. It follows, of course, that the decree of the court below rendered against the garnishee, Deposit Guaranty Bank and Trust Company, must likewise be set aside.

In Griffith's Mississippi Chancery Practice, 2d ed., Section 223, it is said: "It is a cardinal principle in the administration of justice that no man can be condemned, or divested of his rights, until he has had an opportunity of being heard. He must, by service of process, by publication of notice or in some equivalent way, be brought into court, and if judgment be rendered against him before that is done, the proceedings will be as utterly void as though the court had undertaken to act where the subject matter was not within its cognizance."

In the case of Boutwell v. Grayson, 118 Miss. 80, 79 So. 61, it was held that to authorize the entry of a valid judgment there must be legal process or waiver thereof upon all of the defendants against whom judgment was taken.

Reversed and remanded.

*McGehee, C.J.,* and *Lee, Arrington* and *Ethridge, JJ.,* concur.