375 So.2d 1024 (1979)
Willie MOSBY et al.
v.
Frank GANDY et al.
No. 51361.
Supreme Court of Mississippi.
October 10, 1979.
*1025 *1026 John A. Donald, Memphis, Tenn., Francis B. Stevens, Washington, D.C., for appellants.
Farese, Farese & Farese, Anthony T. Farese, Ashland, Taylor, Whitwell & Goeldner, Robert Q. Whitwell, Southaven, James W. Amos, Olive Branch, for appellees.
Before PATTERSON, C.J., SUGG and WALKER, JJ.
SUGG, Justice, for the Court:
Complainants filed an original and amended bill of complaint to set aside the final decree in Cause No. 71-86 of the Chancery Court of De Soto County confirming a sale of land by a special commissioner for division of proceeds in a partition suit. Complainants alleged the final decree was void because process on the non-resident defendants was invalid, stating:
The averments in the Petition for Partition as to the residence of the non-resident defendants in their respective home jurisdictions were improperly stated, and the averments in said Petition for Partition as to diligent search and inquiry to ascertain the post office and street addresses of the non-resident defendants were false; that the petitioners in said cause did not in fact make diligent search and inquiry to ascertain said information; that had they done so, such Post Office and street addresses could easily have been ascertained.
Complainants also alleged they remained in possession of the land following confirmation of the sale and had not accepted the proceeds of the sale. The defendants filed separate general demurrers, one defendant filed a motion to dismiss, and another defendant filed a special demurrer. The special demurrer and motion raised the affirmative defenses of limitation of actions, laches, estoppel, and bona fide purchaser for value. No proof was offered on the motion and of course, no proof could be offered to support the special demurrer.
The chancellor sustained the demurrers and motion and dismissed the bill of complaint, but did not give any reason for his ruling.
The principal questions involved in this appeal are: (1) Were the allegations in the petition for partition in Cause No. 71-86 sufficient to support publication of process for non-resident defendants under sections 13-3-19 and 13-3-21 Mississippi Code Annotated (1972)? (2) Did the amended bill in the instant case charge invalidity of service of process in a manner sufficient to withstand a demurrer? (3) Were the affirmative defenses of limitations of actions, laches, *1027 estoppel res judicata and bona fide purchaser for value established? (4) Does process in accordance with sections 13-3-19 and 13-3-21 Mississippi Code Annotated (1972) afford due process? (5) Was the final decree in the partition case conclusive as to all issues raised by the bill of complaint?

I

WERE THE ALLEGATIONS IN THE PETITION FOR PARTITION IN CAUSE NO. 71-86 SUFFICIENT TO SUPPORT PUBLICATION OF PROCESS FOR NONRESIDENT DEFENDANTS UNDER SECTIONS 13-3-19 AND 13-3-21 MISSISSIPPI CODE ANNOTATED (1972)?
There were six non-resident defendants in the partition proceedings. (Cause No. 71-86). The sworn petition stated the post office address of five of the non-resident defendants but did not state the street address of these five defendants. As to each of these five defendants, except for a different name, the petition alleged:
Calvin Leonard, a non-resident of the State of Mississippi whose residence, post office and street address after diligent search and inquiry is known to your Petitioners only as General Delivery, Madison, Illinois.
The sufficiency of the allegations of the petition must be determined from the provisions of section 13-3-19 as construed by this Court. In Burns v. Burns, 133 Miss. 485, 97 So. 814 (1923), we stated:
Said statute is specific. There is no ambiguity as to how a non-resident shall be brought into court. In substance it simply provides that, in order to bring in a nonresident defendant, the complainant as the first step must either in his sworn bill or in a separate affidavit make oath that defendant is a nonresident of this state, or not to be found therein on diligent inquiry, and the post office address of such defendant if known, and if not known, so stating. This statute is jurisdictional. It is one of the methods provided by law to meet the requirements of the due process clause of the Constitution. (133 Miss. at 490, 97 So. at 815).
Accord, Rice et al. v. McMullen, 207 Miss. 706, 43 So.2d 195 (1949) and McDuff v. McDuff, 252 Miss. 459, 173 So.2d 419 (1965), where we held that the statute must be strictly complied with, or the full equivalent thereof be adhered to.
In Rice, supra, we held that inferences are not sufficient to uphold process by publication and nothing short of a positive averment of the facts will suffice. Ordinarily, the averment would state the post office address of a non-resident, and then conclude, "but the street address is unknown to complainant after diligent search and inquiry." However, this is not the only way of stating the fact. The allegation that the "post office and street address after diligent search and inquiry is known to your petitioners only as General Delivery, Madison, Illinois" is simply another way of stating as a fact that the street address is unknown after diligent search and inquiry. We hold the allegations comply with the statute and are sufficient to support process by publication.
The other non-resident defendant in Cause No. 71-86 was Bobby Jean Leonard and the petition properly alleged that this defendant was a non-resident of the State of Mississippi whose residence, post office and street address, after diligent search and inquiry, were unknown to petitioners. We hold the statute was complied with as to this non-resident defendant.

II

DID THE AMENDED BILL IN THE INSTANT CASE CHARGE INVALIDITY OF SERVICE OF PROCESS IN A MANNER SUFFICIENT TO WITHSTAND A DEMURRER?
One of the fundamental principles of justice is that no person may be divested of his rights until he has had an opportunity of being heard. In the absence of process on a defendant, even though the defendant may know of the pendency of the action, defendant's knowledge of the existence of the action does not supply the want of compliance with requirements of valid process. In *1028 Rice, et al. v. McMullen, 207 Miss. 706, 43 So.2d 195 (1949), we stated:
Griffith's Mississippi Chancery Practice, Section 223, page 221, states the rule as follows:
"It is a cardinal principle in the administration of justice that no man can be condemned, or divested of his rights, until he has had an opportunity of being heard. He must, by service of process, by publication of notice or in some equivalent way, be brought into court, and if judgment be rendered against him before that is done, the proceedings will be as utterly void as though the court had undertaken to act where the subject matter was not within its cognizance. The principle is universal that no judgment, order or decree is valid or binding upon a party who has had no notice of the proceeding against him. The court must not only have jurisdiction of the subject matter, but also of the persons of the parties to give validity to its final judgments, orders and decrees, and it is not in the power of the legislature, under our constitution, to dispense with this notice, actual or constructive."
21 C.J.S., Courts, § 83, page 124, announces the rule as follows:
"... it is held that a person's knowledge of the existence of an action does not supply the want of compliance with the statutory or legal requirements as to service, and that a person's mere presence in court does not give jurisdiction to enter a judgment against him when he was not brought there by any legal means."
This contention by appellant has been forever set at rest in this state by the decision in McCoy et al. v. Watson, 154 Miss. 307, 122 So. 368, 370, wherein it was said:
"Finally, it is argued that since the filing of the petition to remove shows conclusively that the nonresident defendant knows all about the suit, and has all the actual knowledge that could be conferred by a legal summons, we should not require the ceremony of a legal notification; that it would be an idle thing to do. Upon the same reasoning it could be maintained that the affidavit of the sheriff and witnesses could be received to show that, although the sheriff had not served the defendant with a formal legal summons, he had told the defendant orally in the presence of these witnesses all about the suit and warned him to appear and when to appear, and that the defendant had gone to the courthouse and read all the papers in the case and had obtained certified copies of the case papers and knew everything about the case that he could have learned from a legal summons. It is now so thoroughly well settled as to make it too late to urge that knowledge by a defendant of a suit, however definite and full, or however obtained, or whatever may have been the defendant's action under that knowledge, is of any avail or advances the case a step, unless there has been a legal summons or a legal appearance. McPike v. Wells, 54 Miss. 136; Jacks v. Bridewell, 51 Miss. 881; Burns v. Burns, 133 Miss. 485, 97 So. 814." (207 Miss. at 727, 728, 43 So.2d at 200, 201).
Complainants allege that the averments in the petition for partition (Cause No. 71-86) as to diligent search and inquiry to ascertain the post office and street address of the non-resident defendants were false, also that petitioners did not make diligent search and inquiry to ascertain the post office and street addresses of the defendants. The bill of complaint clearly charges process was obtained by fraud. We hold the bill of complaint charged fraud in the procurement of process in a manner sufficient to withstand a demurrer. The court erred by sustaining the general demurrer. However, at the trial on remand, complainants have the heavy burden of establishing the allegation of fraud by clear and convincing evidence. Crawford v. Smith Bros. Lumber Co., Inc., 274 So.2d 675 (Miss. 1973).

III

WERE THE AFFIRMATIVE DEFENSES ESTABLISHED?
*1029 The special demurrer raised the affirmative defenses of limitations of actions, laches and bona fide purchaser for value. The motion to dismiss raised the affirmative defenses of res judicata, laches and estoppel. Appellees' principal argument in support of the decree dismissing the bill of review deals with their contention that the bill of review was barred because it was not filed within two years after the final decree in the partition case.
Section 11-21-35 Mississippi Code Annotated (1972) provides, among other things, that a decree in a partition case is conclusive of the rights of all parties to the suit subject to bills of review as in other suits. Section 11-5-121 Mississippi Code Annotated (1972) provides that bills of review in chancery shall be filed within two years next after the date of the final decree in the cause, and not after. It also contains a savings clause for minors and incompetents which is not involved in this case. Section 15-1-37 Mississippi Code Annotated (1972) provides:
An action shall not be brought to recover any property (a) sold by order of a chancery court, where the sale is in good faith and the purchase money paid, or (b) partited in kind or sold for partition where the purchase money is paid, unless such action is brought within two years after possession is taken by the purchaser under the sale of the property or by the taker under the decree of partition.
When a demurrer to a bill raises affirmative defenses, the defensive facts upon which the demurrer is based must appear from the bill either as facts expressly stated therein or from necessary, or reasonably inescapable, or unavoidable inferences which may be drawn from the bill in favor of demurrant. Taylor, et al. v. Twiner, et al., 193 Miss. 410, 9 So.2d 644 (1942). The same rule applies to a motion to dismiss which raises affirmative defenses when the motion to dismiss is not supported by proof.
The above principle is clearly enunciated in Taylor, supra, where complainants, who were brothers, inherited an undivided one-ninth interest each in 80 acres of land from their father. Their father died in 1915, and in 1917 one of their sisters instituted a partition suit resulting in the sale of the land for division of proceeds. Complainants filed their bill on June 6, 1941, to vacate the partition decree and sale thereunder, and to cancel as clouds upon their title everything done in the partition proceeding averring that, at the time of the partition proceedings, they were in the United States Army and were never served with process in the partition suit and had executed no waiver of process and had not otherwise entered an appearance therein. They further averred they had not received any part of the proceeds of sale and in fact had no knowledge that the suit had been instituted until shortly before filing the bill of complaint.
In that case, the defendants separately interposed special demurrers raising the affirmative defenses of the ten year statute of limitations, the two year statute on bills of review, the defense of laches under general equity principles, and the purchasers from Twiner incorporated in their special demurrers the affirmative defense of bona fide purchaser for value.
The trial court sustained the special demurrers and this Court, in reversing, stated:
None of the facts as facts upon which the special demurrers could dependably rest were averred in the bill, but in order to obtain the facts upon which the special demurrers were based, these facts had to be worked out of the bill by way of inference. The special demurrers were sustained, and the complainants having declined to amend, their bill was dismissed. We think the special demurrers should have been overruled.
.....
Likewise when a particular fact is necessary to be shown in order to establish an affirmative defense, that fact cannot be imported into the defensive pleading by way of inference unless the inference is necessary, inescapable, unavoidable, when reasonably considered in connection with the facts stated. Inasmuch as a demurrer to a bill must get its facts from the bill, it follows that when the demurrer *1030 raises affirmative defenses, the defensive facts upon which the demurrer is based must appear from the bill either as facts expressly stated therein or from necessary, or reasonably inescapable or unavoidable inferences which may be drawn from the bill in favor of the demurrant.
.....
What is hereinabove more fully stated is evidently what was meant in the rather terse closing sentence of section 288, Griffith Miss.Chan.Prac., which we quote: "While a demurrer does not admit conclusions or inferences, it may not itself be based upon any inferences or conclusions arising from a bill, but only upon the facts therein stated."
This is another among the cases which continue to come to this Court on demurrer when all the facts of the case ought to have been developed under answers. We repeat what was said in Federal Land Bank v. Fidelity & D. Co., 165 Miss. 715, 721, 147 So. 917, 918: "The trend of modern judicial decision is against the attempt to settle close and difficult questions of law and right on a demurrer. If the demurrer raise merely a doubtful question or if the case be such that the cause of justice will probably be promoted by a determination of the ultimate right only on answer and proof, the court ought to exercise a fair judicial discretion to that end, although it may be that in technical point, the grounds of the demurrer are sustainable in strict law."
If the facts exist which would sustain the affirmative defenses urged in this case, there could be no difficulty in setting them up in answers, and we can see in the situation presented no occasion for any difficulty in proving them. Courts should not be called on in such cases to eke out the facts by the dubious and laborious process of inference, and we must decline to do so here. (193 Miss. at 418, 419, 420, 421, 9 So.2d at 645, 646, 647).
None of the facts upon which the special demurrer and motion to dismiss could dependably rest were averred in the bill of complaint. We hold that the special demurrer and motion to dismiss should have been overruled.
In the case before the Court, complainants alleged that one or more of them have been in possession of the land in question since the sale, and none of them have accepted the proceeds arising from the partition sale. Under section 15-1-37 Mississippi Code Annotated (1972), possession by the purchaser at a partition sale where the purchase price is paid bars recovery of the property. The question of who was in possession of the property after the partition sale is a question of fact to be determined upon proof.
Appellees do not argue that the other affirmative defenses were shown in the bill of complaint so what we have said with reference to the affirmative defense of limitations of actions applies with equal force to the other affirmative defenses. The court erred in sustaining the special demurrer and motion to dismiss.
In our case complainants affirmatively alleged that one or more of them have been in possession since the sale and none of them have accepted the proceeds of the partition sale.

IV

DOES PROCESS IN ACCORDANCE WITH SECTION 13-3-19 AND 13-3-21 MISSISSIPPI CODE ANNOTATED (1972) AFFORD DUE PROCESS?
As stated in Burns, supra and Rice, supra, these statutes provide one of the methods to meet the requirements of the due process clause of the Constitution. When a defendant is a non-resident of the state, or is absent from the state, and the court has jurisdiction of the subject matter, it is necessary that complainants be able to obtain process on a non-resident defendant by some means; otherwise, parties would not be able to enforce their rights in a judicial proceeding. We hold the method obtaining process as provided by the statutes in question comport with the due process requirements of the Constitution.

*1031 V

WAS THE FINAL DECREE IN THE PARTITION CASE CONCLUSIVE AS TO ALL ISSUES RAISED BY THE BILL OF COMPLAINT?
The final decree in the partition case was conclusive as to all issues raised by the complainants in their bill of complaint unless they are able to establish that a fraud was committed in securing process on the non-resident defendants. If complainants are able to meet this burden, it naturally follows that defendants are not bound by the decree. Rice, supra.

CONCLUSION
One of the defendants, Kelly Land & Investments, Inc., filed its answer and cross-bill and alleged in its cross-bill that some of the cross-defendants sought to deprive cross-complainants of the possession, use and enjoyment of the land in question by use of threats to surveyors employed by it and to the family of the president of the corporation, and by other acts.
Cross-complainant also averred that it filed a suit in Cause No. 73-218 in the Chancery Court of DeSoto County to enjoin cross-defendants from further harassment and threats and a decree was entered in that case on May 18, 1973, enjoining some of the cross-defendants from threatening, harassing, shooting at and generally doing any and all acts, the purpose of which was, or the end result thereof was, to frighten away prospective purchasers of, and to interfere with its enjoyment and use of the property. The decree was the only part of Cause No. 73-218 which was attached as an exhibit to the cross-bill. On final hearing of this case cross-complainant should offer proof to support its cross-bill if it desires to insist on its defense of res judicata. We are unable to state what effect this proceeding will have on the questions of estoppel and res judicata as to certain of the complainants. Further development of this defense will be necessary before the trial court can measure the import of the decree in Cause No. 73-218.
In sum, we hold the special demurrer and motion to dismiss should have been overruled because they dealt with affirmative defenses which were not established by proof or which were not apparent from the bill of review, and the general demurrer should have been overruled because complainants have stated a cause of action.
On remand, complainants will have the heavy burden of establishing the invalidity of the process as heretofore discussed in Part II of this opinion. Further, if defendants desire to rely on the affirmative defenses raised by their special demurrer and motion to dismiss, these defenses should be set forth in their answers, and they should submit proof on these defenses so the trial court will have before it all necessary facts upon which to render its decision.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE and BOWLING, JJ., concur.
COFER, J., takes no part.