DICKINSON, Justice,
Dissenting:
¶ 49. The plurality of justices’ analysis of the service-of-process issue (“Plurality”) incorrectly finds service of process on Flagstar was proper. Importantly, the Plurality makes no finding that the mail clerk, Pena, was authorized to accept process for Flagstar. But because “Robert K. Fleming — the operations coordinator for Flagstar’s legal department — admitted to having received the process” from some source, the Plurality finds it was perfected.
¶ 50. This is contrary to this Court’s decision in Hyde Construction Co. v. Elton *312 Murphy-Waiter Travis, Inc.,[12] wherein process was served on Carter, an employee of a corporation who, in turn, delivered it to the president. This Court held:
The delivery of the process to Carter for delivery to Hyde was not personal service on the corporation.... The fact that process was delivered to the president later the same afternoon did not make the service personal. Hyde’s knowledge was without avail. Without service in the manner provided by law, it is ineffectual.[13]
¶ 51. For the past half-century, Hyde— which was not cited by the Plurality — has been good law.
¶ 52. I also dissent to the following holding from the Plurality:
What is clear, however, from the standpoint of the efficacy of service of process on a foreign corporation by way of certified letter, is that the letter must be properly addressed to the person authorized to receive process on behalf of the corporation and actually delivered to that address.[14]
(Emphasis added.)
¶ 53. So according to the Plurality, valid service of process may be obtained on a foreign corporation, even in a case where the undisputed facts establish that the process never reached any person authorized to receive it and no person associated with the defendant was aware of the lawsuit. Indeed, according to the plurality’s view of “efficacy of service of process,” all that is necessary is that process be properly addressed and delivered to the building, or anyone who happened to be in or around it. The Plurality fails to consider that most corporations are small businesses, and many (such as small farms) are operated out of a home. Thus, under today’s Plurality opinion, process may be perfected by delivery to a landscaper found watering plants at the address of the defendant. Also, according to the Plurality’s holding as recited above, so long as the postman (or postwoman) drops the process in the correct mailbox, or hands it to a customer seated in the defendant’s waiting room, the defendant is properly served— even though for a variety of reasons the process may never be seen by anyone authorized to receive it.
¶ 54. I find this view of service of process repugnant to the principles of justice and fairness, and inconsistent with due process of law. For the reasons stated herein, I respectfully dissent.

. Hyde Constr. Co. v. Elton Murphy-Waiter Travis, Inc. 227 Miss. 615, 86 So.2d 455 (Miss.1956).

. Id. at 458.

.Plur. Op. at ¶ 16. The Plurality understandably cites no authority for its new two-prong test, and the second prong — which simply allows the process to be delivered to "that address,” rather than an actual person authorized to receive it — is not to be found in the law.