PIERCE, Justice,
concurring in result ■ only:
¶ 40. I agree with the majority that the default judgment in this instance should be set aside. In my opinion, however, the judgment entered against the. Textron Parties was void based on the Leons’ failure to serve their amended complaint, which added new claims for gross negligence and punitive damages against the Textron Parties, under the service requirements prescribed by Rule 4 of the Mississippi Rules of Civil Procedure. Therefore, I concur in result only.
¶ 41. A party cannot avail itself of the more relaxed service standards prescribed by Rule 5 of the Mississippi Rules of Civil Procedure, with regard to amended complaints asserting new claims, unless the defendant has made an appearance in the case. In Mississippi, an “appearance” for purposes of the rules is synonymous with a “general appearance.” See, e.g., McCoy v. Watson, 154 Miss. 307, 122 So. 368 (1929) (reiterating that where there has been no valid process in the case or no “general appearance” by defendant, no jurisdiction has been acquired by the court).
¶ 42. As noted by the majority, both Rule 4 and Rule 5 of the Mississippi Rules of Civil Procedure are modeled after the Federal Rules of Civil Procedure. While certainly not controlling authority for our procedural rules, federal cases and treatises speaking to and interpreting federal rules that are counterparts to our own provide persuasive authority. The leading treatise- on federal practice and procedure, Wright & Miller, speaks to Federal Rule 5 as follows: “The service of paper provisions of [Federal] Rule 5 apply only to parties who have appeared. Thus it is clear that amended or supplemental pleadings must be served on parties who have not yet appeared in the action in conformity with [Federal] Rule 4.” See 4A Charles Alan Wright & Authur R. Miller, Federal Practice and Procedure § 1146 (3d ed. 2002).
¶ 43. As a general rule, an amended complaint supersedes the original complaint. See, e.g., King v. Dogan, 31 F.3d 344, 346 (5th Cir.1994) (per curiam) (“An amended complaint supersedes the original complaint and renders it of no legal effect.”) Like the original complaint, the amended complaint also must be served upon the defendant under Rule 4 requirements, unless the defendant already has made an appearance in the case — otherwise, the court has no jurisdiction over the amended complaint.
¶44. As the Textron Parties had not made an appearance in the case, the circuit court had no jurisdiction to enter a judgment against them on the amended complaint asserting new claims against the Textron Parties. • Accordingly, I would hold that judgment is void.
WALLER, C.J., AND RANDOLPH, P.J., JOIN THIS OPINION.