ISHEE, J.,
 

 for the Court.
 

 ¶ 1. On the motion of Jerry Jones, the County Court of the Second Judicial District of Jones County entered an order assessing sanctions against State Farm Mutual Automobile Insurance Company in the amount of $4,944 for “either extreme negligence or an intentional misrepresentation of and concealment of a discoverable document.” State Farm appealed the award of sanctions to the Circuit Court of the Second Judicial District of Jones County, which affirmed the sanctions. Aggrieved, State Farm appeals from the circuit court’s order and argues that the award of sanctions was in error for the following reasons: (1) the award is void for lack of due process; (2) State Farm was not a party to the lawsuit; (3) Jones neither propounded discovery on State Farm nor served a subpoena duces tecum on State Farm; (4) State Farm was neither served nor given notice of the motion or the hearing on November 7, 2007; and (5) the award is against public policy. Finding that it was error to order sanctions against State Farm, we reverse the circuit court’s order and render judgment vacating the award of sanctions.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. The underlying cause of action in this case arose on September 5, 2005. On that day, Ryan Presher lost control of the car belonging to his mother, Linda Presher, when he put the car in reverse and collided with the car occupied by Jones.
 
 [1]
 
 Jones filed a claim against Linda and Ryan
 
 [2]
 
 for liability on March 9, 2006, and, thereafter, propounded discovery on her.
 

 ¶ 3. On June 2, 2006, in response to Jones’s first set of requests for production of documents, Linda responded that she had no “documents which are relevant to the issues raised by the claims or defenses of any party to this litigation.” Thereafter, Jones requested that Linda produce “true and correct copies of all repair estimates and/or repair appraisals made of the [Jones’s] vehicle and of the [Presher’s] vehicle which would be in the possession of State Farm.... ” Linda responded that no repairs had been made to her vehicle and that she was not in possession of a repair estimate for Jones’s vehicle. However, she mentioned that “a computer note in the claim file references a repair estimate of $1,581.35.” On October 3, 2006, Jones’s attorney mailed a letter to Linda’s attorney requesting a copy of the previously mentioned computer note. Linda’s attorney responded on October 17, 2006, and included a copy of the computer note showing a repair estimate of $1,581.35. It was undisputed that neither Linda nor her attorney ever mailed Jones a copy of the repair estimate for Jones’s car.
 

 ¶ 4. Following the accident, Jones had taken his car to be repaired in September
 
 *90
 
 2005, by Danny Dykes, a body shop repairman. In an affidavit prepared on February 1, 2007, Dykes stated that he had not kept a copy of his personal repair estimate or the estimate made by the State Farm claims adjustor for the work performed on Jones’s car. When approached by Jones again, Dykes informed him that he no longer had a copy of the repair estimate, but Dykes thought he could get it. Dykes then called the State Farm regional office in Birmingham, Alabama and requested a copy of the estimate. That same afternoon, State Farm faxed him a copy of the estimate performed by its claims adjustor. Dykes then gave the estimate to Jones.
 

 ¶ 5. After Jones independently obtained the repair estimate that he had previously asked Linda to produce, he filed a motion seeking sanctions for discovery abuses. In the motion, Jones requested that the county court strike Linda’s answer and affirmative defenses, enter a default judgment, allow Jones to amend his complaint to bring in State Farm as a co-defendant, and award other appropriate sanctions. Jones claimed that State Farm had withheld the repair estimate because it was evidence that refuted Linda’s argument that the damage to Jones’s car was minimal. The county court held a hearing on the matter; after the hearing, the court entered an order sanctioning State Farm in the amount of $4,944 for attorney’s fees. The county court found that:
 

 [State Farm’s] failure to produce a true and correct copy of the repair damage appraisal form constitutes either extreme negligence or an intentional misrepresentation of and concealment of a discoverable document by [State Farm]. That said action on the part of [State Farm] is an egregious violation of the discovery process. Further, that [State Farm’s] failure to produce the document is not a simple clerical error.
 

 The county court also granted Jones’s request to file an amended complaint naming State Farm as a defendant, which allowed him to sue the company for its alleged improper acts.
 
 [3]
 
 State Farm appealed the award of sanctions to the circuit court, which affirmed the county court’s order. State Farm then filed the present appeal.
 

 STANDARD OF REVIEW
 

 ¶ 6. The trial court is vested with considerable discretion in its authority to award sanctions for discovery abuses.
 
 Cunningham v. Mitchell,
 
 549 So.2d 955, 958 (Miss.1989). The supreme court has stated the standard of review regarding such sanctions as follows:
 

 This Court reviews a trial court’s decision about whether to impose sanctions for discovery abuses under an abuse-of-discretion standard. “The provisions for imposing sanctions are designed to give trial courts great latitude.” We will affirm a trial court’s decision unless we have a “definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon [the] weighing of relevant factors.”
 

 Jones v. Jones,
 
 995 So.2d 706, 711(¶ 13) (Miss.2008) (internal citations omitted). However, we will review issues of law under a de novo standard.
 
 In re Estate of Ladner v. Ladner,
 
 909 So.2d 1051, 1054(¶ 6) (Miss.2004) (citation omitted).
 

 DISCUSSION
 

 Whether it was error to sanction State Farm for discovery violations.
 

 
 *91
 

 A. State Farm As a Non-party
 

 ¶ 7. Initially, State Farm takes issue with the fact that it was sanctioned even though it was not a party to Jones’s lawsuit against Linda and Ryan.
 

 ¶ 8. In response, Jones cites
 
 Nichols v. Munn,
 
 565 So.2d 1132, 1138 (Miss.1990) for the proposition that, if a party’s lawyer can be sanctioned, then a fraudulent insurer can also be sanctioned. However, Mississippi Rule of Civil Procedure 11(b), under which the attorney in
 
 Nichols
 
 was sanctioned, specifically provides that “an attorney may be subjected to appropriate disciplinary action.”
 
 [4]
 

 See also
 
 M.R.C.P. 37(e) (providing for sanctions of “any party or counsel”). Therefore, the situation that Jones describes is easily distinguishable from the present situation. In this case, State Farm, a non-party that was never before the court and was never served with notice of the hearing, was sanctioned for a discovery violation despite having no discovery propounded on it.
 

 ¶ 9. State Farm points out that it was not even a non-party witness, and the motion did not specifically request an award of sanctions against State Farm. In support of its position, State Farm cites the following language:
 

 It is a cardinal principle in the administration of justice that no man can be condemned, or divested of his rights, until he has had an opportunity of being heard. He must, by service of process, by publication of notice or in some equivalent way, be brought into court, and if judgment be rendered against him before that is done, the proceedings will be as utterly void as though the court had undertaken to act where the subject matter was not within its cognizance.
 

 First Jackson Sec. Corp. v. B.F. Goodrich Co.,
 
 253 Miss. 519, 541, 176 So.2d 272, 282 (1965) (quoting
 
 Hyde Constr. Co. v. Elton Murphy-Walter Travis, Inc.,
 
 227 Miss. 615, 624, 86 So.2d 455, 458 (1956)).
 

 ¶ 10. Taken on its own, the fact that State Farm was a non-party to the lawsuit does not afford it any relief. In some instances, a non-party to a lawsuit may be sanctioned. For example, Mississippi Rule of Civil Procedure 45(g) allows a trial court to find a person in contempt of court for refusing to respond to a subpoena. Mississippi Rule of Civil Procedure 37(b) also allows a trial court to find a deponent in contempt. Therefore, there are means by which a trial court is afforded the authority to sanction a non-party to a pending case. However, as discussed below, State Farm was neither a deponent, nor was it served with a subpoena. We will consider the fact that State Farm was not a party along with its other allegations of error.
 

 B. Discovery
 

 ¶ 11. State Farm next argues that sanctions were not appropriate because it was not served with any discovery for which it could be held in non-compliance. State Farm cites a dissenting opinion from Justice McRae, in which he stated that reversal was proper where a non-party insurance carrier was sanctioned.
 
 Watts v. Pennington,
 
 598 So.2d 1308, 1316 (Miss.1992) (McRae, J., dissenting). However, the
 
 Watts
 
 majority did not address the issue, and the language from Justice McRae’s dissent is simply dicta. According to State Farm, the proper method for Jones to have obtained a document from a non-party to the action would have been for him to serve a subpoena pursuant to Mississippi Rule of Civil Procedure 45. As
 
 *92
 
 we previously stated, under Rule 45(g), a trial court may enter an order of contempt against someone who fails to obey a subpoena. State Farm readily admits that sanctions are proper for failing to comply with a subpoena, but it contends that “it is beyond the pale to suggest that a non-party may be sanctioned for failing to respond to a subpoena that was never issued, much less served.”
 

 ¶ 12. Jones responds that even though State Farm was not a party, his second request for production of documents “was aimed squarely at State Farm.” Jones notes that he requested that Linda turn over any repair estimates in State Farm’s possession, and he argues that he relied upon State Farm’s assertion that no estimate existed. Furthermore, Jones argues that the following language required that State Farm, as Linda’s insurer, respond to the requests for production of documents:
 

 In fact, although a party should not be required to enter upon extensive independent research in order to acquire information requested by interrogatories, interrogatories properly addressed to a party and making no reference to his or her personal knowledge must be answered with all the information possessed by that party, as well as with that of his or her attorney and experts, insurer, agents, and representatives.
 

 Am.Jur.2d,
 
 Depositions and Discovery,
 
 § 126 (Supp.2009). However, an accurate reading of the section reveals that it is the party who is required to respond with the relevant information possessed by the insurer. In this case, Linda was the party, and Jones served her with the request to turn over the repair estimate. Linda and her attorney have consistently maintained that the estimate was not contained in the claim file in Linda’s possession. We find nothing in the record to indicate Linda or her attorney ever communicated Jones’s request to State Farm or that State Farm refused to turn over the estimate.
 

 ¶ 13. When Jones requested the repair estimate for his car, Linda responded that she did not have it in her possession, but she informed him of a computer note for a payment of $1,581.35 for repairs to Jones’s vehicle. When Jones later requested a copy of the computer note, Linda’s attorney mailed him a copy of it. We find no evidence of any further requests for the estimate before Jones filed the motion for sanctions. Possibly, Linda or her attorney may have been dilatory in requesting the appraisal from State Farm, as there was no evidence that either of them contacted State Farm about the appraisal. Additionally, there was no evidence that Jones requested a repair appraisal from State Farm until Dykes called State Farm and had the company fax him a copy. Clearly, a repair estimate had been made for Jones’s car; Linda’s attorney readily revealed the existence of an estimate in the letter informing Jones of the computer note. At some point, Jones or his mechanic had previously been in possession of the estimate. State Farm turned over the repair estimate when Jones’s mechanic called requesting it. Linda was served with a request to produce any estimates in State Farm’s possession, but she did not comply with that request. However, we find nothing in the record to indicate that State Farm was served with any discovery request.
 

 C. Service and Notice of the Hearing
 

 ¶
 
 14. Next, State Farm argues that the county court erred in ordering State Farm to pay sanctions when it was not served with notice of the hearing on the matter and was not present at the hearing. State Farm compares the present case to that of
 
 In re Hines,
 
 978 So.2d
 
 *93
 
 1275, 1280(¶ 14) (Miss.2008), in which the supreme court held that “Rev. [Hosea] Hines cannot be held in contempt for failing to appear at a hearing of which he did not have written notice.” However, unlike Rev. Hines, State Farm was not held in contempt for failing to appear at a hearing of which it did not have notice; it was sanctioned for failing to furnish discoverable documents.
 
 Hines
 
 is also distinguishable because, in that case, the supreme court was interpreting statutes specifically dealing with youth court.
 

 ¶ 15. State Farm goes on to note that “[i]t is universally recognized that no judgment, order[,] or decree is binding upon a party who has had no notice of the proceeding against him.”
 
 First Jackson,
 
 253 Miss. at 528, 176 So.2d at 275-76. In
 
 Wyssbrod v. Wittjen,
 
 798 So.2d 352, 360(¶ 29) (Miss.2001) (citations omitted), the supreme court stated the following regarding notice and sanctions:
 

 This Court has held that where the con-, temptuous act is direct — that is, where it occurs within the presence of the court — the court is empowered to punish the actor summarily, but where the act is constructive — that is, the act occurred outside the presence of the court — the court must give the contemnor the procedural protections of notice and a fair hearing.
 

 Even if State Farm eventually learned of Jones’s motion for sanctions, it was not served with formal notice. Furthermore, the motion did not put State Farm on notice that Jones sought sanctions against it. Even if, as Jones argues, State Farm had constructive notice of the fact that it might be subject to sanctions, it remains that “[j]urisdiction is not obtained by a defendant’s informally becoming aware that a suit has been filed against him.”
 
 Sanghi v. Sanghi,
 
 759 So.2d 1250, 1257(¶ 33) (Miss.Ct.App.2000) (citing
 
 Mansour v. Charmax Indus., Inc.,
 
 680 So.2d 852, 855 (Miss.1996)). We do not find that the facts support the county court’s decision to sanction State Farm when State Farm was not served with notice of the motion and was not included in the motion as a party against whom sanctions were sought.
 

 D. Due Process
 

 ¶ 16. State Farm also claims that its due process rights, as afforded by the Fifth Amendment to the United States Constitution and Article 3, Section 14 of the Mississippi Constitution, were offended by the county court’s entry of a judgment against State Farm without notice. State Farm cites the following language in support of its position:
 

 A judgment against one who was not given notice in the manner required by law of the action or proceeding in which such judgment was rendered lacks all the attributes of a judicial determination; it is judicial usurpation and oppression, and can never be upheld where justice is fairly administered.
 

 First Jackson,
 
 253 Miss. at 529, 176 So.2d at 276 (quoting 42 Am.Jur.,
 
 Process,
 
 § 4 (1942)).
 

 ¶ 17. Jones responds that his second request for production of documents was “aimed directly at State Farm,” and he claims that it is inconceivable that State Farm did not know about the progress of the lawsuit. He further argues that Linda’s attorney, who was hired by State Farm to represent her, put State Farm on notice of the pending motion for sanctions during a telephone conversation and that the conversation was sufficient to satisfy due process.
 

 ¶ 18. Linda’s attorney, who was hired by State Farm to represent her, was present at the hearing on sanctions. It is well established that an attorney hired by •an insurance provider to represent the insured represents two clients — the insured
 
 *94
 
 and the insurer.
 
 Moeller v. Am. Guar, and Liab. Ins. Co.,
 
 707 So.2d 1062, 1070 (Miss.1996). However, State Farm, as the insurer, was not a party to the lawsuit. Furthermore, at the hearing on sanctions, the county court did not hear from Linda’s attorney concerning State Farm. At the conclusion of the argument in favor of Linda, the following exchange took place between Linda’s attorney and the county court:
 

 TOM TULLOS: And if the Court would like me to address State Farm on a separate issue, because I think that— this case involves [Linda], and I will be glad to address that if the Court feels that that’s an issue that needs to be addressed.
 

 THE COURT: At this, point, I would say that that would be between State Farm and [Linda].
 

 Therefore, even though Linda’s attorney also represented State Farm, the county court decided to sanction State Farm without hearing from him concerning State Farm. Based on the facts of the present case and our resolution of the issues that State Farm has presented, we agree that State Farm was not afforded due process in the present case.
 

 E. Public Policy
 

 ¶ 19. Lastly, State Farm claims that the award of sanctions violates Mississippi’s prohibition against bringing a direct action against a defendant’s insurance carrier. However, there may be instances when a trial court is warranted in sanctioning an insurance carrier that fails to cooperate with discovery. While we do not find that the present case to be one of those instances, it would certainly be within the trial court’s power to order sanctions in such a case. Accordingly, we find no merit to State Farm’s public-policy argument.
 

 CONCLUSION
 

 ¶ 20. Ultimately, we find that the county court abused its discretion by sanctioning State Farm based on a combination of reasons: State Farm was not a party to the lawsuit; there had not been any discovery requests made on State Farm; Jones’s motion for sanctions did not request sanctions against State Farm; and State Farm was not served with notice of the hearing on sanctions. Taken together, we find that these shortcomings deprived State Farm of due process; therefore, sanctions were not appropriate in this instance.
 
 [5]
 
 Accordingly, we reverse the judgment of the circuit court, which affirmed the judgment of the county court, and we render judgment vacating the award of sanctions against State Farm.
 

 ¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY IS REVERSED, AND JUDGMENT IS RENDERED VACATING THE AWARD OF SANCTIONS. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. GRIFFIS, J., NOT PARTICIPATING.
 

 [1]
 

 . Linda asserts, and Jones denies, that there was a third car between their two cars, which Ryan backed into, and that third car collided with Jones’s car.
 

 [2]
 

 . This opinion will collectively refer to Linda and her son as "Linda” unless the distinction is relevant.
 

 [3]
 

 . State Farm did not appeal the order allowing Jones to file an amended complaint to name State Farm as a defendant.
 

 [4]
 

 . Rule 11(b) also provides that a party, his attorney, or both may be ordered to pay expenses if a lawsuit is found to be frivolous or filed for the purpose of harassment or delay.
 

 [5]
 

 . In addition to the procedurally defective award of sanctions, Jones was also allowed to amend his complaint to bring a cause of action against State Farm based on its alleged wrongdoing. Therefore, he was afforded an opportunity to prove his allegations against State Farm in a manner in which State Farm would have an opportunity to receive notice and to defend itself.