GRIFFIS, P.J.,
for the Court:
¶ 1. The award of sanctions under Rule 37(c) of the Mississippi Rules of Civil Procedure is the issue in this appeal. We find no reversible error and affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On March 23, 2004, Brenda Burson Perkins was a passenger in a Toyota Camry driven by Nancy Fulgham. They were driving west on Highway 82 in Webster County, Mississippi. Fulgham stopped in the left-turn lane at a four-way stop at the intersection of Highway 82 and Highway 15, in Mathiston, Mississippi. Highway 82 is a four-lane major thoroughfare with a sizeable median separating the two westbound lanes and the two eastbound lanes. When Fulgham turned south on Highway 15 and attempted to cross the two eastbound lanes of Highway 82, her automobile was struck by an eighteen-wheeler that was driven by Loraine W. Clark. The eighteen-wheeler was owned by Star Transportation, Inc.
¶ 3. On March 8, 2007, both Fulgham and Perkins filed separate complaints against Clark and Star Transportation. The same attorneys represented Perkins and Fulgham. Both complaints asserted a claim for negligence and gross negligence. The claim for gross negligence alleged that “the negligent acts of omission and commission on the part of Clark ... were so gross as to amount to wantonness and were such character as to evidence a complete and total [disregard for and indifference to the safety of the traveling public, in general, and of [Perkins], in particular.” Perkins’s complaint asked for both compensatory and punitive damages.
¶ 4. On April 12, 2007, Clark and Star Transportation, through joint counsel, filed an answer to Perkins’s complaint. Their answer admitted that the accident occurred but denied liability, either in general or on the grounds of insufficient information. Their answer included twenty-two affirmative defenses. Clark and Star Transportation alleged the following defenses:

SECOND AFFIRMATIVE DEFENSE

And now further answering, the Defendants aver that the accident in question was not due to any negligent fault on the part of Defendants, but was caused in whole or in part through the proximate fault, strict fault, negligence or want of care of Nancy Fulgham and/or Brenda Person Perkins in the following, but not exclusive respects:
a. Failing to maintain a proper lookout;
b. Failing to use due care;
c. Failing to maintain proper control over his vehicle;
d. Acting in a careless or reckless manner; and
e. Other acts of negligence that will be shown at the trial of this matter.

THIRD AFFIRMATIVE DEFENSE

And now further answering, the Defendants aver in the alternative, and only in the event that it is shown that there is any fault or negligence on the part of Defendants, all of which is denied, or that such negligence is the cause of any injury or loss to the Plaintiffs (which is also at all times denied), then in that event, Defendants affirmatively aver that Nancy Fulgham and/or Brenda Burson Perkins’s own contributory fault or negligence operates as a complete bar, or alternatively in the mitigation of any damages which might otherwise be true.

FOURTH AFFIRMATIVE DEFENSE

*1067 Defendants aver that if the subject accident was caused by any acts or omissions on the part of the answering Defendants, which is expressly denied, such acts or omissions were the result of sudden emergency and/or hazard created by Nancy Fulgham and/or Brenda Burson Perkins, and/or others for whom the answering Defendants are not liable.
¶ 5. On July 31, 2007, Perkins served requests for admissions on Clark and Star Transportation. Clark responded on September 14, 2007, as follows:
a. Request for Admission No. 9: Do you admit or deny that you caused the collision that occurred between Plaintiff Nancy Fulgham and Defendants Loraine W. Clark and Star Transportation, Inc. on March 23, 2004?
Response to Request for Admission No. 9: Denied
b. Request for Admission No. 12: Do you admit or deny that you were driving in excess of the posted, legal speed limit at the time of the collision on March 23, 2004?
Response to Request for Admission No. 12: Denied
c. Request for Admission No. 17: Do you admit or deny that you failed to stop at the four-way stop located at the intersection of U.S. Highway 82 and MS Highway 15, the location of the subject collision?
Response to Request for Admission No. 17: Admitted
d. Request for Admission No. 18: Do you admit or deny that you failed to yield the right-of-way to the Plaintiffs’ vehicle at the four-way stop located at the intersection of U.S. Highway 82 and MS Highway 15, the location of the subject collision?
Response to Request for Admission No. 18: Denied
Star Transportation also responded as follows:
a. Request for Admission No. 8: Do you admit or deny that the defendant caused the collision that occurred between Plaintiff Nancy Fulgham and Defendants Loraine W. Clark and Star Transportation, Inc. on March 23, 2004?
Response to Request for Admission No. 8: Denied
b. Request for Admission No. 11: Do you admit or deny that Defendant, Loraine W. Clark, was driving in excess of the posted, legal speed limit at the time of the collision on March 23, 2004?
Response to Request for Admission No. 11: Denied
c. Request for Admission No. IS: Do you admit or deny that Defendant, Loraine W. Clark, failed to stop at the four-way stop located at the intersection of U.S. Highway 82 and MS Highway 15, the location of the subject collision?
Response to Request for Admission No. 15: Admitted
d. Request for Admission No. 17: Do you admit or deny that Defendant, Loraine W. Clark, failed to yield the right-of-way to the Plaintiffs’ vehicle at the four-way stop located at the intersection of U.S. Highway 82 and MS Highway 15, the location of the subject collision?
Response to Request for Admission No. 17: Denied
¶ 6. On December 12, 2007, counsel for Clark and Star Transportation took the deposition of Nancy Fulgham. In that deposition, Fulgham testified:
A. ... We were traveling west on 82. And when we got to Mathiston there’s a four-way stop. We were *1068 going to cross. We came to a stop, and I was fixing to cross, and that’s when I got hit.
Q. Okay, you were taking a left on 15 there to go to Canton?
A. Yeah. I was taking a left on 15.
Q. Okay, you came to a full stop?
A. I did.
Q. As you approached that intersection, can you tell me what you remember seeing as far as other cars or trucks that were at the intersection or approaching the intersection?
A. There was a car sitting on 82 facing east. And when I pulled up there, I got there a little bit before she did, but a lot of those cars take off any way. So I proceeded, to cross, and I kept saying, please don’t go. Please don’t go. And I was focused on her vehicle. And then when I got about midways through is when Ms. Clark hit me.
(Emphasis added). According to Perkins’s deposition testimony, the vehicle approaching the intersection in the outside lane of the eastbound lanes of Highway 82 was a white pickup truck. Fulgham concentrated on that vehicle. Fulgham’s testimony revealed that she believed that the white pickup truck presented a danger, and she was watching it carefully as she proceeded across the highway. Driving her eighteen-wheeler, Clark was approaching the intersection in the innermost eastbound lane of Highway 82. It was between 12:00 and 12:80 p.m. The weather was clear. Fulg-ham had an unobstructed view of Highway 82 to the west for an extended distance. Fulgham’s deposition testimony indicated that she never saw Clark approaching until the instant before impact when she screamed, “[o]h, s — !.” In her own deposition testimony, Perkins confirmed Fulg-ham’s version of events.
¶ 7. On December 13, 2007, counsel for Perkins took Clark’s deposition. In that deposition, Clark testified that she did not know whether she stopped at the stop sign. She thought that Fulgham’s car did not come to a complete stop but made a rolling stop.
¶ 8. Perkins’s counsel served the plaintiffs designation of expert witnesses, and G.L. Rhoades was designated to testify as to fault or liability. The designation revealed that Rhoades was expected to testify as an accident-reconstruction expert. Rhoades would opine that, at the time of the accident, Clark ignored the traffic control devices, did not stop at the stop sign, was speeding at the time of the accident, did not apply her brakes before the collision, failed to apply the full braking capacity, and was traveling at approximately fifty-five miles per hour at the time of impact. Rhoades would also testify that Clark failed to use the proper braking capacity of the tractor-trailer, and the braking capacity was less than twenty-four percent at the time of the accident. Rhoades was also designated to testify that Star Transportation failed to maintain a proper safety program in accordance with the Department of Transportation’s regulations and standard industry safety practices.
¶ 9. Thereafter, Star Transportation obtained the GPS and on-board computer data from its truck that Clark was driving at the time of the accident. This information revealed Clark had been mistaken about her speed at the time of the collision. As a result, on September 18, 2008, counsel for Clark and Star Transportation supplemented their discovery responses and provided Perkins’s counsel with documents “downloaded from the onboard computer(s) in Loraine Clark’s truck following the accident.” This information established that the tractor-trailer Clark was driving *1069 was actually traveling fifty-two miles per hour two seconds before the accident and 48.5 miles per hour one second before the accident.
¶ 10. On November 20, 2008, counsel for Perkins took the Rule 30(b)(6)[1] deposition of Star Transportation’s corporate representative, Ronnie Holland. Holland testified about the information from the onboard computer in Clark’s truck and its speed immediately before the accident. Holland testified that Clark was driving fifty-two miles per hour two seconds before the collision. The posted speed limit on Highway 82 was sixty-five miles per hour. However, as a driver such as Clark approached the intersection of Highway 82 and Highway 15, the speed limit decreased in steps from sixty-five miles per hour to fifty-five miles per hour, then to forty-five miles per hour, and finally to thirty-five miles per hour. The posted speed limit immediately prior to arriving at the intersection was thirty-five miles per hour. Star Transportation’s expert in accident reconstruction, Dr. Thomas Talbot, also conceded that Clark had been speeding immediately before the collision.
¶ 11. On December 15, 2008, Perkins’s counsel served a notice of supplemental designation of expert witnesses, and Roger C. Allen was designated to testify as to liability. The designation revealed that Allen was expected to testify as an expert in the transportation industry and the Federal Motor Carrier Safety Regulations. According to the opinion provided with the designation, Allen was prepared to testify that Clark and Star Transportation were responsible for the accident and had violated several federal regulations. Allen opined that, after a review of the onboard computer logs, Clark had violated the hours of service regulations and had failed to keep a current log book, as required by the federal regulations. Allen also opined that Star Transportation should have been aware of such violation of these regulations. Allen was prepared to testify that Clark and/or Star Transportation had at least seven violations of the federal regulations. Allen’s conclusion was the actions of Clark and Star Transportation were “negligent and most likely grossly negligent.” Allen provided a supplemental report on January 23, 2009.
¶ 12. On March 27, 2009, Clark and Star Transportation filed a motion in li-mine and a motion to strike Rhoades’s expert opinions. Clark and Star Transportation also filed a motion in limine and a motion to strike Allen’s expert opinions concerning monitoring standards, hours of service violations, and brake-inspection compliance.
¶ 13. On March 27, 2009, Clark and Star Transportation filed a motion for partial summary judgment and asked the circuit court to dismiss Perkins’s claim for punitive damages and additional claims raised in her amended complaint.
¶ 14. After a hearing on the motions, the circuit court executed, on June 10, 2009, an opinion and order that granted the motion for partial summary judgment and dismissed Perkins’s claim for punitive damages. The circuit court also dismissed the claims that Perkins had raised in her amended complaint. The circuit court’s order specifically mentioned that Clark and Star Transportation had “concede[d] that Perkins is entitled to receive some amount of compensatory damages from them.”
¶ 15. On June 16, 2009, the trial began. The transcript indicates the jury was selected, “called to the jury box[,] and given preliminary instructions by the court. *1070 Then the jury was sent to the jury room.” The circuit court then considered preliminary motions, which included a motion for reconsideration of both the motion in li-mine and the motion for partial summary judgment.
¶ 16. The circuit court declined to change its position regarding punitive damages and denied the motion for reconsideration. During the argument on the motions, the following exchange occurred:
By the Court: ... I have kind of been baffled from the get go after reading everything I did about why y’all are still contending that there is some issue concerning liability. But that is your right.
By defense counsel: Well, we could probably shorten this trial right now. Your Honor, we didn’t admit liability, and we haven’t although we have admitted we ran through the stop sign because there was the specter of punitive damages out there. Now once that order came down on Thursday, we are willing to admit liability subject to having the right to prove that there is some apportionment to be made as to fault on the accident.
(Emphasis added). After additional argument on other matters, counsel for Clark and Star Transportation stated: “The last thing is that I would appreciate a short period of time to meet with my clients about this admission of liability because I appreciate what the court said.” After a recess, counsel announced to the court: ‘Your Honor, my clients agree to admit the liability without any reservation.” Then another lengthy discussion was held as to how this confession of liability would affect Perkins’s presentation of evidence.
¶ 17. In his opening statement, counsel for Clark and Star Transportation admitted that Clark ran the stop sign and stated that the trial was about Perkins’s damages. Perkins then called Jeremy Flora and Elizabeth Peacock to testify as eyewitnesses. Perkins also called Trooper Jason White, who had responded to the accident.
¶ 18. The next morning, counsel for Clark and Star Transportation asked the circuit court to limit Perkins’s case-in-chief due to the fact that they had admitted liability. Perkins had intended to bring other witnesses to testify as to liability. When the circuit court had the jury brought into the courtroom, the circuit court made the following announcement:
Good morning, ladies and gentlemen. We were taking up some more preliminary matters before we had you brought back out, and I want to make sure you understand. At this point, the Defendants, Star Transportation and Loraine Clark, are admitting that they are at fault in this accident. So I have ruled that no other testimony is necessary as to what happened, what occurred at the accident because they are admitting that they are at fault. So we are moving into damages which ... you will decide at the end of the trial what type of compensation Ms. Perkins is ... entitled to receive as a result of this accident. They are confessing though that they are liable. So the testimony from this point forward will be testimony concerning the damage phase where you decide after all the testimony and evidence has been presented ... what type of compensation you believe that Ms. [Perkins] is entitled to. But I just wanted to explain that so you wouldn’t be wondering why we didn’t have other testimony about the accident. But since they have again conceded that they are at fault, [there] is no point in having any more testimony on that issue.
On the fourth day of the trial, counsel for Perkins informed the circuit court that he would like to call Clark and question her *1071 regarding her speed, the weight of her truck, the impact, her admissions, and “questions about prior inconsistent statements that would go to credibility.” According to counsel for Perkins, those questions were “designed to go to damages.” Counsel for the defendants argued that such questions were inappropriate in light of their admission of fault. After significant debate that resulted in Perkins being allowed to proffer Star Transportation’s and Clark’s responses to her requests for admissions, Star Transportation and Clark specifically offered to stipulate to the jury that they were one hundred percent at fault for the accident with no apportionment to Fulgham. The circuit court stated, “Well, I don’t know if they will accept a stipulation.” Counsel for Perkins confirmed the circuit court’s suspicion and said, “[w]e are not stipulating.”
¶ 19. Immediately before calling Clark, counsel for Perkins requested that the circuit court allow him to ask Clark whether she had caused or contributed to the cause “of the injuries of the Plaintiff, Brenda Perkins.” The following exchange then transpired:
BY THE COURT: I will allow you to ask if she concedes that Ms. Perkins was injured as a result of the accident. That’s the only question that needs to be asked.
COUNSEL FOR PERKINS: Judge, we have put on three days of proof that she has been injured. We know that. It’s just who caused it.
COUNSEL FOR THE DEFEN-
DANTS: Then why ask it?
COUNSEL FOR PERKINS: Because of causation, because she—
COUNSEL FOR THE DEFENDANTS: —No, because you want to do something else with this, which is what—
COUNSEL FOR PERKINS: —No, I don’t.
BY THE COURT: Well, I have made my ruling.
Perkins then called Clark as a witness, and she testified as follows:
Q. On March 23rd, 2004, were you employed as a truck driver for Star Transportation around 12:30?
A. Yes, sir.
Q. Okay, and you were involved in an automobile accident — I mean a tractor trailer accident and an automobile accident on Highway 82 and Highway 15; is that correct?
A. Yes, sir.
Q. Okay, I want to ask you one question. Do you admit or deny that on March 23rd, 2004, that you were negligent in the operation of the tractor[-]trailer in an — that resulted in a crash between your truck and Nancy Fulgham where Brenda Perkins was a passenger? Do you admit or deny that you were negligent in causing this collision?
A. Yes.
Q. What is your answer? Do you admit it or do you deny it?
A. I admit it.
Perkins then called Holland, Star Transportation’s corporate representative, to testify:
Q. Do you as the representative of Star Transportation admit or deny that on March 23rd, 2004, at the time of the collision that the Defendant, Loraine Clark, was a truck driver and was acting in the course and scope of her employment with your company, the Defendant, Star Transportation?
A. Yes.
Q. And do you admit that Star Transportation would be vicariously liable *1072 for any damages because of the negligence of Mrs. Clark?
A. Yes.
[[Image here]]
Q. Does Star Transportation admit liability in this case?
A. Yes.
¶ 20. At the conclusion of the trial, the jury awarded Perkins $556,800 in damages. On June 23, 2009, the circuit court entered the final judgment.[2]
¶21. On July 2, 2009, Perkins served Clark and Star Transportation with her motion for imposition of sanctions pursuant to Rule 87(c) of the Mississippi Rules of Civil Procedure. Perkins asserted that Clark and Star Transportation had failed to admit the truth of the matters requested under Mississippi Rule of Civil Procedure 36. As a result, Perkins claimed she was obligated to prove liability and had to employ Rhoades and Allen as expert witnesses. In addition, Perkins claimed she had incurred attorneys’ fees and expenses, along with the expert witness fees, which would not have been incurred had Clark and Star Transportation properly responded to the Rule 36 requests for admission. Perkins asked the circuit court to award sanctions under Rule 37(c) in the amount of $192,000.
¶ 22. On September 25, 2009, the circuit court entered an opinion and order that denied the motion. In the opinion, the circuit court considered Mississippi Rules of Civil Procedure 11 and 37(c), along with Mississippi Code Annotated section 11-55-5 (Rev.2002)(the Mississippi Litigation Accountability Act). The circuit court then ruled:
This court, having considered this matter finds that neither the testimony of G.L. Rhoades, nor Roger Allen was necessary in order for the plaintiff to prove that the defendants were at fault in causing the accident that occurred on or about March 23, 2004, even if the defendants had not conceded partial liability prior to trial, and total liability at trial. Also, while the defendants’ theory that Nancy Fulgham was partially at fault in causing the accident was unlikely to be successful, that theory was not a frivolous defense. Additionally, because the defendants confessed liability, the plaintiff did not offer “proof’ on the subject of liability. Accordingly, this court finds that the Plaintiffs Motion for Imposition of Sanctions against Star Transportation, Inc. and Loraine W. Clark pursuant to Rule 37(c) M.R.C.P., that was filed by the Plaintiff, Brenda Burson Perkins, on July 2, 2009, should be denied.
It is from this order that Perkins now appeals.
STANDARD OF REVIEW
¶23. “The trial court is vested with considerable discretion in its authority to award sanctions for discovery abuses.” State Farm Mut. Auto. Ins. Co. v. Jones, 37 So.3d 87, 90 (¶ 6) (Miss.Ct.App.2009). We will reverse the circuit court’s decision if it abused its discretion. Id. “We will affirm a trial court’s decision unless we have a ‘definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon the weighing of relevant factors.’ ” Id. (quoting Jones v. Jones, 995 So.2d 706, 711 (¶ 13) (Miss.2008)).
*1073 ANALYSIS
¶24. Perkins framed the issue on appeal as “whether or not the trial court should have entered an order granting to Plaintiff Brenda Burson Perkins her attorney’s fees, witness fees, and costs as sanctions against Defendants Star Transportation, Inc. and Loraine W. Clark pursuant to Rule 37(c), M.R.C.P., as set out in the Plaintiffs Motion for Imposition of Sanctions.” Thus, we consider whether it was an abuse of discretion for the circuit court to deny the motion for sanctions under Rule 37(c).[3]
¶ 25. Our analysis ends when we determine that the circuit court was correct to determine that the allocation of fault was a viable issue for trial. The circuit court correctly concluded that, “while the defendants’ theory that Nancy Fulgham was partially at fault in causing the accident was unlikely to be successful, that theory was not a frivolous defense.”
¶ 26. Rule 37(c) provides:
If a party fails to admit ... the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the ... truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney’s fees. The court shall make the order unless it finds that (1) the request was held objectionable under Rule 36(a), or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had [a] reasonable ground to believe that he might prevail on the matter, or (Jf) there was other good reason for the failure to admit.
(Emphasis added). When we consider Fulgham’s fault or negligence would be considered to apportion damages under Mississippi Code Annotated section 85-5-7 (Supp.2010), we must also find that the circuit court was correct to rule that Clark and Star Transportation, as “the parties] failing to admit,” indeed “had [a] reasonable ground to believe that he might prevail on the matter, or ... there was other good reason for the failure to admit.”
¶ 27. Fulgham’s complaint asserted claims for negligence and gross negligence. Clark and Star Transportation denied that they were negligent or grossly negligent and asserted affirmative defenses that the accident was caused in whole or in part by the negligence of Fulgham.
¶28. During discovery, Perkins served requests for admission that asked Clark and Star Transportation to admit to the claim of negligence. They refused. Instead, they specifically denied that: Clark had caused the accident; Clark was driving in excess of the posted speed limit; and Clark failed to yield the right-of-way to the vehicle driven by Fulgham. Clark did, however, admit that she “faded to stop at the four-way stop.” Based on this response, the question of Clark and Star Transportation’s negligence was an issue to be tried by the jury.
¶ 29. Perkins prepared to present evidence that would establish, by a preponderance of the evidence, the elements of negligence: (1) duty, (2) breach of duty, (3) causation, and (4) damages. Fisher v. Deer, 942 So.2d 217, 219 (¶6) (Miss.Ct.App.2006). In routine car-accident cases, the elements of duty, breach of duty, and causation are proven by eyewitnesses and *1074 expert witnesses.[4] It is clear from the circuit court’s order that the court did not believe it was necessary for Perkins to call expert witnesses to establish Clark and Star Transportation’s negligence. In part, this was due to the earlier litigation brought by Fulgham.
¶ 30. Perkins’s counsel retained two expert witnesses. Rhoades was retained to testify as an accident reconstructionist. Allen was retained to testify as a transportation expert. Their testimonies were to be offered by the plaintiff to establish duty, breach of duty, and causation, and was offered to establish gross negligence.
¶ 31. Clark and Star Transportation’s answers raised Fulgham’s contributory negligence and their right to allocation of fault. The triable issues included not only the negligence of Clark and Star Transportation but also the negligence of Fulg-ham. The circuit court recognized that the issue of whether Fulgham was partially at fault was an issue to be tried regardless of the fact that Clark and Star Transportation denied or conceded their negligence.
¶ 32. The allocation of fault was a proper issue for the jury to consider a relevant issue for the parties to offer evidence. Perkins was required to offer evidence of negligent conduct so the jury could allocate fault between the potential wrong doers, Fulgham, Clark, and Star Transportation. Therefore, we must conclude that at the time that Clark and Star Transportation filed their responses to Perkins’s requests for admissions, they had reasonable grounds to conclude that Fulgham’s negligence in failing to see Clark’s tractor-trailer approaching the intersection before Fulgham proceeded across the eastbound lanes of Highway 82 contributed, at least in part, to the collision. Clark and Star Transportation claim that, under the circumstances, and pursuant to Mississippi Code Annotated section 63-3-805 (Rev. 2004), Fulgham had a duty, before crossing Highway 82, to yield the right-of-way to a vehicle approaching the intersection so close as to constitute an immediate hazard. It is true that Clark and Star Transportation did not file a motion to correct or supplement their responses to the requests for admissions. However, Mississippi Rule of Civil Procedure 37(c) provides no sanction for failure to supplement. Moreover, it appears that, as soon as Star Transportation obtained the GPS and on-board computer data, Star Transportation provided Perkins with that information. Furthermore, on November 30, 2008, Star Transportation’s Rule 30(b)(6) representative, Holland, was deposed. Holland acknowledged that Clark was driving fifty-two miles per hour two seconds before the impact. Clark and Star Transportation’s designated expert, Dr. Talbot, admitted that Clark had been speeding and that she caused the accident. We find that circuit court was correct to recognize that Fulg-ham’s contributory negligence was indeed a triable issue for the jury. Fulgham’s fault or negligence would be considered to apportion damages under Mississippi Code Annotated section 85-5-7 (Supp.2010).
¶ 33. As a result, we find that the circuit court was within its discretion to find that “the party failing to admit had [a] reasonable ground to believe that he might prevail on the matter, or ... there was other good reason for the failure to admit.” For this reason, we affirm the circuit court’s judgment denying the motion for attorneys’ fees and sanctions.
*1075 ¶ 34. THE JUDGMENT OF THE WEBSTER COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BARNES, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR. IRVING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LEE, C.J., AND ISHEE, J. MYERS, J„ NOT PARTICIPATING.

. M.R.C.P. 30(b)(6).

. Clark and Star Transportation have not appealed the judgment that awarded compensatory damages. Perkins has not appealed the order that granted the motion in limine to exclude expert witness testimony or the partial summary judgment that dismissed Perkins's claim of gross negligence. None of these issues are before this Court.

. The issue as to whether Perkins was entitled to sanctions under Rule 11 of the Mississippi Rules of Civil Procedure or the Mississippi Litigation Accountability Act was cited in Perkins brief. However, Perkins does not argue that the circuit court was in error for not awarding sanctions under Rule 11 or Mississippi Code Annotated section 11-55-5.

. See, e.g., City of Jackson v. Harris, 44 So.3d 927, 930 (Miss.2010); Utz v. Running & Rolling Trucking, Inc., 32 So.3d 450, 469 (¶ 53) (Miss.2010); Denham v. Holmes ex rel. Holmes, 60 So.3d 803, 805-07 (¶¶ 10-14) (Miss.Ct.App.2010).